## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ST. THOMAS AND ST. CROIX

**UNITED STATES OF AMERICA,**
 **Plaintiffs**

    **Vs.**

**JULIUS ALVAREZ GONZALEZ,**
**Defendant**

  **CRIM. NO. 21-CR-15-RAM-(RM)**

## SENTENCING MEMORANDUM

**To the Honorable Robert Molloy**
**United States District Judge**
**For the District of the Virgin Islands**
**St. Thomas Division:**

 **Comes now**, Mr. Julius Alvarez Gonzalez, through the undersigned attorney and respectfully states and prays:

A sentencing hearing is scheduled for Sept. 2, 2022 at 10am.

We humbly request the court to take into consideration the mitigating statements contained herein.

After a careful review of the presentence report, Mr. Alvarez has no objections to its content or findings. We agree both with the report, and the United States' assessment that the sentencing range is 30-37 months.

Mr. Alvarez requests the court sentence him to 33 months in the custody of the Bureau of Prisons.

Mr. Alvarez's conduct has wreaked great pain upon himself, and his loved ones. His mother, Libby Gonzalez was diagnosed with cancer, an illness that

occurs, as per Health Department statistics, in two out of every five inhabitants in the island of Vieques. When her son was first indicted, Mrs. Libby Gonzalez started getting diagnosed for unknown medical issues, it was later discovered that she had cancer. Due to the lack of financial resources within the family, and the fact that Vieques has no hospital, Libby had to get her medical attention in the public Hospital system in the main island of Puerto Rico. All throughout the diagnostic process and later during the treatment Mr. Alvarez was precluded from accompanying and lending support to his mother, this on account of the fact that he was in home incarceration regime with an electronic monitoring device. All he could do was get as open work schedule as possible so he could send money for his mother's needs while she was away hospitalized. This caused a significant trauma for Mr. Alvarez, who feels that, but for his actions in this case, he would have been by his mother's side until her final seconds in this world. Instead, he was forced to speak over the phone, and not being able to be present to comfort her in her final days has truly broken Mr. Alvarez's heart.

In imposing punishment, this court should note, that from Mr. Alvarez's standpoint, he punished himself with his poor judgment and flawed decision making. He accepts responsibility for his actions, and assures the court the punishment he inflicted upon himself is one that will last a life-time, much more so than the 33 months we are requesting as the recommended sentence between the parties.

Regarding the Nature and Circumstances of the Offense, the United States

includes a sentence that narrates objects that were allegedly found in another area on land, that same night, which was cocaine and a handgun. The court should note, both Mr. Alvarez and Mr. Quiñonez vehemently objected to any language related to that statement being included in the plea, and it did not make it into the presentence report. This is due to the fact that there was no factual basis to determine that those objects were related in any way to the conduct charged in this indictment, no evidence linking those objects to our clients were never provided as part of discovery. Thus, we respectfully request the court adopt the facts as narrated in the presentence report (PSR page 6 paragraphs 12-17).

In its memorandum the United States includes in page 5 paragraph B, that Mr. Alvarez was convicted of possession with intent to distribute controlled substances, which is not correct. Mr. Alvarez pled guilty pursuant to a Drug Court program, to possession of controlled substances, he was referred to the therapeutic diversion program which he completed successfully and was thereafter exonerated. (See PSR page 8-9, paragraph 37). Furthermore, Mr. Alvarez was arrested for using a shovel as a weapon in a dispute with a neighbor. For that incident he lost a stable job he had, although the charges were eventually dismissed by request of the prosecution (PR Rules of Criminal Procedure 247a).[1] Mr. Alvarez has never been charged of domestic violence of any kind.

Accounts and descriptions by people who know Mr. Alvarez will indubitably

---

[1] The undersigned provided original court documents and certified translations to PO Kiechelle Dunlop.

include gentle, kind, and responsible.  Mr. Alvarez assumed voluntarily the role of father to his ex-girlfriend's son.  To this day the only father figure that young boy has ever known is Mr. Alvarez.  Mr. Alvarez's remorse is compounded by the fact that upon his conviction it will be much harder to fight to have some contact or maybe shared custody of the minor.  He realized his own actions have made him an unworthy example for the boy to follow.

The immeasurable anguish Mr. Alvarez feels for the loss of his mother and his foster son have taken a toll on Mr. Alvarez's physique.  Since entering custody he has lost 25 pounds.  The custodial setting under Covid 19 is much more restrictive than before the pandemic.  Mr. Alvarez has had to endure lock down regime of 24-hour lock down, with brief 15 minutes breaks where the detainee must choose whether to bathe, use the phone or stretch and exercise before another long stretch of being locked in a small confined cell with another person.  This hardship should be taken into consideration at the time of sentencing.  Furthermore, yesterday, when we visited Mr. Alvarez at MDC Guaynabo, he was complaining that the commissary store is ill stocked, he hasn't been able to purchase clothing and for the past four months has had one jumpsuit, and two white undershirts that he washes himself in the cell sink.  He is a very hygienic person, and feels that washing his scant clothes in a small sink is not a clean and healthy way to live.

Last night Mr. Alvarez was eager to know that his sentencing hearing had not been moved.  He really wants to get his designation and leave MDC Guaynabo for good.  An added hardship that he confronts in his current

detention center is having to state to which penitentiary group he will belong to, the Ñeta or the 27. These are basically prison gangs that operate clandestinely in the prison centers in Puerto Rico. Having to avoid stating his alliance has taken a heavy toll on Mr. Alvarez, who is reluctant to leave his cell sometimes just to avoid the harassing from the two opposing groups. Thus far, he has been able to avoid making any definite statement of allegiance, but he feels if his detention is prolonged too much longer, he will have to confront the situation beyond his stalling techniques.

All these circumstances amount to compelling mitigation that should be the guiding light in this Honorable Court's decision-making process. A sentence of 33 months will be sufficient but not greater than necessary to provide Mr. Alvarez with punishment, rehabilitation and dissuasion from committing any crimes in the future.

Upon sentencing Mr. Alvarez requests the court recommend a designation in Pensacola, Coleman or any other institution in Florida, since Mr. Alvarez has extended family living in Jacksonville, and they will be able to visit him and provide housing for his relatives visiting from Vieques. Mr. Alvarez requests the court recommend vocational training, and any available educational program to provide Mr. Alvarez with new skills to earn a lawful living once he complies with his sentence.

**We respectfully** request the court take notice of the information contained

herein, and accept the plea and sentence Mr. Alvarez pursuant to its recommendation of 33 months.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 19th day of August 2022.

S/ ***Jennie Mariel Espada, ESQ.***
USDC 225003
PO BOX 13811,
SJ, PR, 00908
787-758-1999/787-633-7199
*espada.esquire@gmail.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same date and by electronic CM/ECF filing system, copy of this Motion has been sent to:

U.S. Attorney's Office and all others registered to receive notification by electronic mail. Ms. Delia Smith U.S. Attorney Federal Building & U.S. Courthouse 5500 Veterans Drive Suite 260 St. Thomas, VI 00802 340-774-5757 Email: delia.smith@usdoj.gov

AUSA  Natasha Baker, Department of Justice U.S. Attorney Office 5500 Veterans Drive Suite 260 St. Thomas, VI 00802 340-774-5757 Fax: 340-776-3474 email: Natsha.Baker@usdoj.gov .

S/ ***Jennie Mariel Espada, ESQ.***
USDC 225003

PO BOX 13811,
SJ, PR, 00908
787-758-1999/787-633-7199
*espada.esquire@gmail.com*