DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 3:21-cr-15-RAM

JIMMY GARCIA-QUINONEZ,

Defendant.

## SENTENCING MEMORANDUM

**TO THE HONORABLE ROBERT A. MOLLOY
CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS:**

**NOW COMES** Defendant **JIMMY GARCIA-QUINONEZ** through the undersigned counsel and respectfully submits the following Sentencing Memorandum with respect to the upcoming sentencing hearing.

On April 13, 2022, Mr. Garcia-Quinones pled guilty to Count One of the Indictment which charges Concealing More than $100,000.00 in U.S. Currency in a Vessel Outfitted for Smuggling1, in violation of 46 U.S. Code Section 70503(a)(3). Under the terms of a written plea agreement and Rule 11(c)(1)(C), the parties agreed on a base **offense level of twenty (20)** under USSG Section

---

1 Mr. Garcia-Quinones objects to the government's depiction of the nature and circumstances of the offense indicating that on the day of their arrest, he and his co-defendant traveled to St. Thomas to undergo a drug transaction. *See government's Sentencing Memorandum, Doc. 115, page 5, Section A*. A separate objection addressing said issue will be filed.

2X5.1, 2S1.3(a)(2) and 2B1.1(b)(1)(H). Since the offense involved bulk cash smuggling, **2 levels** were increased pursuant to 2S1.3(b)(1)(B). Finally, **three levels are decreased** for acceptance of responsibility for an **adjusted offense level of 19.** *See Plea Agreement, Doc. 82, page 8.* A total offense level of 19 combined with a Criminal History Category of I yield a **Guideline Sentencing Range of imprisonment of 30-37 months. The parties agreed that, Guideline calculations notwithstanding the plea agreement is government by Federal Rule of Criminal Procedure 11(c)(1)(C) and that a specific sentence of 30 months of incarceration is the appropriate disposition of the case.** *See Plea Agreement, page 9, paragraph b.*

The Presentence Investigation Report ("PSR") contained a similar guideline calculation and concluded that as to **Count One, the Total Offense Level is 19.** *PSR, Doc. 110, page 6.* **A total offense level of 19 and Criminal History Category of I (Mr. Garcia-Quinones has no prior conviction) yields a guideline range of imprisonment of 30 to 37 months**. *See PSR, page 10, paragraph 63.*

Although under 18 U.S. Code Section 3553 the court must consider a series of factors that include deterrence to criminal conduct, promote respect for the law, and protection of the public from further crimes, the court also shall impose a **sentence sufficient, but not greater than necessary to comply with the goal of sentencing** and shall impose a sentence of the kind and within the guideline range unless the court finds that there exists an aggravating or mitigating

circumstances of a kind, or to a degree, not adequately take into consideration by the Sentencing Commission that should result in a sentence different from that described. 18 U.S. Code Section 3553. The defense submits that a sentence of **30 months of imprisonment, as agreed by the parties,** is a **reasonable sentence** and not more than necessary to comply with the goals of sentencing, considering the nature and circumstances of the offense and Mr. Garcia-Quinones personal history and characteristics.

As narrated in the PSR, Mr. Garcia-Quinones is a 23-year old U.S. citizen born and reared in Puerto Rico. He has a close relationship with his parents, with who he resides, as well as with other relatives. He was reared in a stable household. He has been in a stable and supportive relationship since 2017.

Mr. Garcia-Quinones' mother describes him as a quite peaceful boy. She was surprised when she learned about his involvement in the instant offense. He had never been involved in any type of illegal conduct before. And she is confident that he will never commit any other illegal activity. She also indicated that she speaks with Mr. Garcia-Quinones about his experience every time he calls from prison and she believes that he has learned to appreciate the value of his freedom and life. She described how difficult has been for the family to experience Mr. Garcia-Quinones' arrest and incarceration as they are close knit and have never experienced a lengthy period of incarceration. Ms. Garcia-Quinones' mother, however, expressed her unwavering willingness to continue

support and guide the defendant while he is incarcerated and upon his release; and she looks forward to the defendant returning to her residence upon release. *PSR, page 8 .*

Since 2018 Mr. Garcia-Quinones has been employed as a construction worker with a company own by his grandfather and upon his release he intends to resume working for the same employer.

Mr. Garcia-Quinones has complied with all court ordered conditions of release. *PSR, page 4, paragraph 11.*

Mr. Garcia-Quinones accepted responsibility when interviewed by the probation officer. He is truly repentant of his conduct. As a family-oriented person, he is ashamed of the impact his conduct has had on his family. The time he has spent in prison has generated a sense of introspection and self-awareness. At age 23, he has realized the monumental mistake he has made by participating in the offense for which he is being sentenced and the impact it has on his future. Such recognition is an essential step in the path to rehabilitation. He, however, feels enthusiastic about the future and looks forward to get the most benefit from his incarceration and return to his family.

Taking into consideration Mr. Garcia-Quinones' personal history and characteristics; the extraordinary support he enjoys from his family; the fact that this is his first encounter with the law; the fact that the offense conduct does not involve violence, threats, possession of firearms or drug trafficking; **a**

**sentence of 30 months of imprisonment**, as the parties recommend to the court, fully accounts for all the offense conduct in this case. It **is a sentence that is sufficient, but not greater than necessary, to comply with the goal of sentencing.** In addition, the supervise release term to be imposed would also constitute additional deterrence of any future criminal conduct if he ever decides to take the risk of returning to the United States.

Finally, Mr. Garcia-Quinones respectfully requests from the court:

1. A recommendation to participate in the drug and alcohol rehabilitation program within the BOP (*See PSR, page 9, paragraph 51,* related to Mr. Garcia-Quinones marihuana consumption)

2. A recommendation to serve his sentence in a federal facility in Florida.

3. A recommendation to participate in programming within the BOP in electrical technology and installation.

**WHEREFORE** for the foregoing reasons Mr. Garcia-Quinones respectfully requests this Honorable Court to take notice and consider all the sentencing factors and information herein made available and that he be sentenced to **30 months of imprisonment** as jointly recommended by the parties.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this the 19th day of August, 2022.

*/S/ Ramon M. Gonzalez*
RAMON M. GONZALEZ
USDC # 202313
Law Office of RAMON M. GONZALEZ

P.O. Box 195493
San Juan, Puerto Rico 00919-5493
Tel: 787-593-8281/ 787-722-6930
 E-mail: **rmgonzalezesq@gmail.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send copy of this document to all interested parties/attorneys.

*/S/ Ramon M. Gonzalez*
RAMON M. GONZALEZ